IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND<br><br>      Plaintiffs,<br><br> v.<br><br>G + Q INTERIORS, INC., an Illinois corporation; and S.VINCENT LATHUS, Individually,<br><br>      Defendant. | )))))))))))))))))))))))) | No. 2019-cv-1472<br><br>Judge |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS

PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT

COOPERATION TRUST FUNDS, by their attorneys, DONALD D. SCHWARTZ, JAMES R.

ANDERSON. BRIAN C. JAMES, and ARNOLD AND KADJAN LLP, complain against

Defendants, **G + Q INTERIORS, INC.,** an Illinois corporation, and **S. VINCENT LATHUS,**

**Individually,** as follows:

## COUNT I

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Joint Cooperation Trust Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4. The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6. Defendant, **G+Q INTERIORS, INC., ("G&Q")** is an employer engaged in an

industry affecting commerce. On or about **June 1, 1996**, **G&Q** entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby **G&Q** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as **EXHIBIT A**.

## The Agreements

7. Pursuant to the provisions of the Labor Agreement, **G&Q** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **G&Q** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters or tapers work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **G&Q** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **G&Q** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **G&Q** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

## The Claim

9. **G&Q** has breached the provision of the Labor Agreement and Trust Agreements

by failing to submit all necessary books and records to the Fund's auditor for a fringe benefit contribution compliance audit for the period from **October 1, 2014 through the present**.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **G&Q** is required to pay liquidated damages, auditor fees and all attorneys' fees and court costs incurred by the Funds in the collection process.

11. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **G&Q.**

12. **G&Q** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

13. Pursuant to 29 U.S.C. Section 1132(g)(2)( c ), Plaintiffs are entitled to an amount equal to the greater of:

    (i)    interest on the unpaid contributions; or

    (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A. That **G&Q** be ordered to produce their books and records for a fringe benefit contribution compliance audit for the period from **October 1, 2014 through the present.**

B. That judgment be entered in favor of Plaintiffs and against **G&Q** in the amount

shown to be due on the audit;

C. That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g); and

D. That this Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

14. Plaintiffs reallege paragraphs 1 through 13 of Count I into Count II as if they were fully restated herein.

15. Defendant **S. VINCENT LATHUS** ("**LATHUS**") is the officer of **G&Q** and is an individual who resides within this judicial district.

16. The Collective Bargaining Agreement ("CBA") at Article 16 Section 1(b)(1) provides that:

> Before commencing any work covered by this Agreement, the Employer shall provide a performance or surety bond, in the amount and under the terms set forth below, to insure the prompt and full payment of all contributions, dues/assessments, and wages due in accordance with this agreement:
>
> $10,000 – 6 or fewer employees
>
> $25,000 – 7 but fewer than 13 covered employees

5

$50,000 – 13 but fewer than 25 covered employees

$75,000 – 25 or more covered employees (**EXHIBIT B**).

17. Pursuant to Article 16, Section 1(b)(iii) of the Labor Agreement, in the event that the Employer is a corporation, liability shall be imposed on the corporation in the amount of at least Thirty Thousand Dollars plus all amounts owed in excess of that sum and liability is also imposed personally on each official of that Employer empowered to execute agreements or sign checks on the corporation's behalf to designate the persons empowered to do so.

18. At pertinent times herein, **LATHUS** has been an officer of **G&Q**, with the authority to execute agreements and sign checks on behalf of **G&Q**.

19. At all pertinent times herein, **G&Q** has not provided the bond as is required by the Labor Agreement.

20. As a result of the failure to provide the bond in effect, **G&Q** and **LATHUS** are personally liable to the Funds in the amount of Thirty Thousand Dollars, plus any amounts that may be owed by **G&Q** to the Funds.

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A. Enter judgment in favor of Plaintiffs and against the Defendants **G&Q** and **LATHUS** in the amount of Thirty Thousand Dollars, plus any amounts which may be owed in excess of that sum by **G&Q** to the Funds as may be shown to be due on the audit; and

B. Award such other and further relief as this Court deems appropriate under the

circumstances.

                                              Respectfully submitted,

                                              TRUSTEES OF THE CHICAGO PAINTERS
                                              AND DECORATORS PENSION FUND, et al,

                                              /s/ Brian C. James
                                              One of their Attorneys

Donald D. Schwartz
James D. Anderson
Brian C. James
Arnold and Kadjan, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415

7